## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **TITANIDE VENTURES, LLC,** | |
| **Plaintiff,** | **Case No.: 4:12-cv-00195-RC-ALM** |
| **v.** | **JURY TRIAL DEMANDED** |
| **THE GO DADDY GROUP, INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S OPPOSITION TO THE GO DADDY GROUP, INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404

## I.  INTRODUCTION

Go Daddy has not met its significant burden to warrant transfer to the District of Arizona. Indeed, to meet the requirements of transfer, Go Daddy must carry a substantial burden to show that the District of Arizona is *clearly* more convenient than the Eastern District of Texas.  But almost all of the convenience factors weigh against transfer or are neutral. Thus, the Court should deny Go Daddy's motion.

## II.  LEGAL STANDARDS

Section 1404(a) provides that the Court may, in its discretion, transfer an action to another forum "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). Titanide's choice of venue "places a *significant burden* on the movant to show good cause for the transfer." *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 n.10 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (emphasis added).  To meet its significant burden, Go Daddy must show both that the proposed venue is one in which the case "might have been brought" originally, and that the proposed transferee forum is "*clearly more convenient*." *J2 Global Commc'ns Inc. v. Protus IP Solutions, Inc.*, 2008 WL 5378010, *2 (E.D. Tex. Dec. 23, 2008) (emphasis added).  If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315; *see also id* at 321 (in section 1404(a), "Congress … did not give defendants the right to be sued only in certain forums, such as the most convenient.") (King, J. dissenting).

Courts will not "entertain tactical battles for convenience shifting," where the only result of transfer is to "shift the balance of inconveniences from the moving party to the non-moving party."  *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) (internal quotations omitted).  And the fact that "the plaintiff may be burdened by some inconvenience in

its own chosen forum is not an argument that a defendant can make successfully in support of its

transfer motion." 15 Wright & Miller, Fed. Pract. & Proc. §3849 (West 2008).

Titanide's choice of venue is not a separate factor in the convenience analysis.

*Volkswagen II*, 545 F.3d at 314-15.  Rather, Titanide's choice of venue contributes to Go

Daddy's significant burden in proving that the transferee venue is "clearly more convenient."  *Id.*

at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 13919 (Fed. Cir. 2008).  When deciding

whether an alternate venue is clearly more convenient, the Court balances several private and

public interest factors, keeping in mind that these factors "are not necessarily exhaustive or

exclusive" and that "none can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at

315.  Finally, "district courts have broad discretion in deciding whether to order a transfer."  *Id* at

311.

## III. ARGUMENT

### A.  Venue is proper in either district.

Titanide does not contest that this action "might have been brought" against Go Daddy in

the District of Arizona.

### B.  Arizona is not "clearly more convenient" than Texas.

#### 1.  The relative ease of access to sources of proof weighs against transfer.

The relative ease of access to sources of proof weighs against transferring this case out of

the Eastern District of Texas.  Titanide Ventures, LLC is a company formed under the laws of

the state of Texas, incorporated in Texas, and wholly existing within the Eastern District of

Texas.  Declaration of Mitchell Prust from *Titanide Ventures, LLC v. Yahoo!, Inc.,* 4:12-cv-

00163-RAS (E.D. Tex.) (Dkt. 21-1*)* at ¶¶ 6-8, Exhibit A ("Prust Yahoo Decl."). Titanide has

existed exclusively in Texas. *Id*.  All of Titanide's documents are located at its headquarters in

the Eastern District of Texas. *Id*. at ¶ 8.  Documents relating to potential infringement, patent

documents, and other documents belonging to Titanide are all located in the offices belonging to

the company in Texas.  *Id*.  If transfer were granted, Titanide would have to move all of its

documents and travel a further distance to get to trial while Defendants would be in their home

forum.  Transfer would simply shift the burden from Box to Titanide.

To satisfy its burden of showing that the District of Arizona is clearly more convenient to

Go Daddy's sources of proof than this district, Go Daddy must identify specific examples of

documents or other evidence in Northern California, or at the very least, more conveniently

located to Arizona than to Texas.  *J2 Global Commc'ns Inc. v. Protus IP Solutions, Inc.*, 2008

WL 5378010, at *3 (E.D. Tex. Dec. 23, 2008).  But Go Daddy fails to specifically identify a

single specific document, in any location, instead arguing generally that "all" of its business

records "are maintained in Arizona" while simultaneously stating that Go Daddy's "design,

development, testing and research efforts take place in either Arizona or Iowa." Mot. at 4.

Neglecting to mention other likely sources of information and speculating that

unspecified documents will be produced from only one location in Arizona does not satisfy Go

Daddy's obligation to identify specific sources of proof.  Thus, "Defendants have not offered any

specific examples of documents or other evidence which are located in the [transferee district],

so the first private interest factor weighs against transfer." *J2 Global*, 2008 WL 5378010, at *3.

Go Daddy's arguments that Titanide's presence in Texas is "*de minimis* and dubious"

(Mot. at 2), that Titanide is an "ephemeral" entity (Mot. at 7), or that Titanide is "artificially

gaming the system" fall flat.  Mot. at 14. Titanide has been a tax-paying company in the state of

Texas for nearly two years. Prust Yahoo Decl. at ¶6.  It has been involved in enforcing its patents

3

against potential infringers since May 6, 2011.[1]  And these patents are currently the subject of eight other patent-infringement suits in this district.

Even Go Daddy's own-cited case law finds that a company such as Titanide would be a bona fide resident of Texas.  *See Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.*, No. 6:10-cv-229, 2010 WL 5068146, at *4-6 (E.D. Tex. Dec. 6, 2010).  Like the plaintiff in *Novelpoint Learning*, Titanide filed its complaint more than four months after incorporation, and its documents are not located at the offices of its counsel but its own separate offices.  *Id*.  Also like in *Novelpoint Learning*, Titanide's documents were transferred there and it has a bank account there for a "legitimate business purpose" and "to aid in normal business functions, functions that originated in Texas." *Id*.  Thus, Go Daddy's accusations have no support and are no more than name-calling.

As for likely party witnesses, Go Daddy has only identified one: Jason Haslup, Senior Director of Development.  Mot. at 10.  Haslup is located in Arizona.  *Id*.  Though this one Arizona-based witnesses would have to travel to Texas for trial, if he is indeed necessary for trial, the burden of witnesses having to travel "is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327  (M.D. Fla. 2010).  Because Mr. Haslup is a party employee, his burden on having to travel to trial would be diminshed.

Meanwhile, Titanide's owner, and the inventor of the patent – Mitchell Prust – resides in

---

[1] *See Titanide Ventures, LLC v. AT&T Corp. et al*, 4:11-cv-00265-ALM; *Titanide Ventures, LLC v. Hewlett-Packard Company*, 4:12-cv-00162-RC-ALM; *Titanide Ventures, LLC v. Yahoo!, Inc.*, 4:12-cv-00163-RAS; *Titanide Ventures, LLC v. Box Inc.*, 4:12-cv-00160-RAS; *Titanide Ventures, LLC v. International Business Machines Corporation*, 4:12-cv-00196-RC-ALM; *Titanide Ventures, LLC v. Amazon.com, Inc. et al*, 4:12-cv-00251-RC-ALM; *Titanide Ventures, LLC v. Egnyte, Inc.*, 4:12-cv-00252-RAS; and *Titanide Ventures, LLC v. Jungle Disk, LLC et al*, 4:12-cv-00253-RAS.

Minnesota. Prust Yahoo Decl. at ¶2.  In order to get to a potential trial in Phoenix, Mr. Prust would have to travel nearly twice as far as he would have to travel to this district. The Eastern District of Texas is more convenient by far.

### 2.   The availability of compulsory process is neutral.

Go Daddy has asserted that three third-party witnesses would likely be relevant to this case and might be necessary for trial.  Mot. at 10.  However, there are other third-party witnesses that may be material to this case and whose testimony might be necessary at trial.  Shumaker & Sieffert, P.A., the law firm that prosecuted the Titanide patents, is located in St. Paul, Minnesota. Prust Yahoo Decl. at ¶4. Shumaker & Sieffert may have relevant knowledge regarding the prosecution of the asserted patents in the case, and may be called to testify since Go Daddy is asserting that Titanide's patents are invalid.  *See* Dkt # 14 (Go Daddy's Answer to Complaint) at pp. 3, 9-11.  Further, Savvis Inc., located in Town & Country, Missouri, may have relevant knowledge regarding the filing of Titanide's patents.  Declaration of Mitchell Prust from *Prust v. Apple, Inc.,* 2:09-cv-00092 (E.D. Tex.) (Dkt. # 22-1*)* at ¶ 7,  Exhibit B ("Prust Apple Decl."). Mr. Prust filed for the asserted patents while an employee at WAM!NET, where Mr. Prust worked from 1996 to 2008.  Prust Apple Decl. at ¶ 3.  Savvis acquired WAM!NET in August 2003.  These companies, along with the three identified former Go Daddy employees, may all be relevant to this relatively new patent infringement action.

Because the identified third parties do not all reside in the same district, this factor is either neutral or slightly weighs against transfer.  This factor weighs heavily in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Volkswagen II*, 545 F.3d at 316. "Absolute subpoena power" is the concept that all relevant and material third-party witnesses reside within the subpoena power of a particular court." *See Volkswagen II*, 545 F.3d

at 316; *Miller v. Longview Psychiatric Hosp., L.L.C.*, 2009 WL 748094, *3 (E.D. Tex. March 19, 2009) (Ward, J.).  Because the parties have identified relevant witnesses from all over the United States, there is no jurisdiction with "absolute subpoena power" and this factor is neutral.

### 3. The cost of attendance for willing witnesses weighs slightly in favor transfer.

When analyzing this factor, the Court gives broad "consideration to the parties and witnesses in all claims and controversies properly joined in a proceeding." *Volkswagen I*, 371 F.3d at 204.  Of all witnesses, "it is the convenience of the non-party witnesses that is accorded the greatest weight." *Z-Tel Comms., Inc. v. SBC Comms.*, Inc., 331 F. Supp. 2d 567, 573 (E.D. Tex. 2004) (Folsom, J.).  The actual likelihood of a particular witness testifying at trial is now irrelevant. *Genentech*, 566 F. 3d at 1343 (requiring a defendant to show that a witness has more than relevant and material information is unnecessary).  Accordingly, "all potential material and relevant witnesses must be taken into account for transfer analysis, irrespective of their centrality to the issues raised in a case." *Motiva LLC v. Nintendo Co. Ltd.*, 2009 WL 1882836, at *4 (E.D. Tex. June 30, 2009).

To aid the Court in analyzing this factor, the Fifth Circuit adopted the "100-mile rule," which says that when "the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional miles travelled." *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("*Volkswagen I*").  When applying this rule, the first question is whether the two fora are more than 100 miles apart. *Volkswagen II*, 545 F.3d at 317.  If so, the Court then determines the distance between the identified witnesses and the competing fora.  *Id.*  The 100-mile rule will favor the forum that is a shorter average distance from witnesses.  *Id.*  Additionally, where appropriate, travel time may be substituted for actual distance.  *Motiva*,

6

2009 WL 1882836 at *4.

There have been five third-party witnesses identified by the parties in these motions. The three third-party witnesses that Go Daddy identified live in Arizona (Mot. at 10-11), and thus any travel for them would presumably originate from Phoenix. Meanwhile, the identified Titanide third-party witnesses, Shumaker & Sieffert (Minnesota) and Savvis (Missouri), would need to travel further to get to Arizona than they would otherwise have to for East Texas. Because the additional time to travel for the Go Daddy third-party witnesses is slightly more than the additional distance needed to travel for the Titanide third-party witnesses, this factor slightly weighs in favor of transfer.

### 4.   The "other practical problems" do not support transfer.

This "catch-all" private interest factor mainly addresses the possibility of delay and prejudice in effecting transfer should transfer be granted. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).  Though transfer will invariably cause delay and additional burden on the parties, legally cognizable delay and prejudice associated with transfer only arises in rare circumstances.  *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003).

However, "[t]he Fifth Circuit adheres to the general rule[] that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997); *see also Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."). The rule therefore "not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide

whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter*, 125 F.3d at 920.  This result is a necessary outgrowth of the "principles of comity and sound judicial administration," functioning "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

Thus, under the first-to-file rule, a district court confronted with an earlier-filed suit may only consider whether there is a likelihood of overlap in the issues presented, and if so, it is obliged to transfer the matter to the first-filed court to allow that court to determine whether the two suits should proceed independently or be consolidated in the first-filed court.  *See Sutter*, 125 F.3d at 920 (given substantial overlap of issues, district court abused discretion in denying motion to transfer to first-filed court).  As the Fifth Circuit explained in a situation similar to the one presented here, this is the necessary result because the first-filed court has prior jurisdiction over the subject matter of the suit:

> Once the likelihood of substantial overlap of issues between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should proceed.  By virtue of its prior jurisdiction over the common subject matter . . . the determination of whether there actually was substantial overlap requiring consolidation of the two suits in Oklahoma belongs to the United States District Court in Oklahoma.

*Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (alterations omitted); *Sutter*, 125 F.3d at 920 (quoting this passage); *see also Cadle Co.*, 174 F.3d at 605-06 (second-filed court is not permitted to consider jurisdiction of first-filed court in determining whether transfer under first-to-file rule is appropriate).

Application of the first-to-file rule in "the complex and technical area of patent and trademark law" is of particular importance in preventing "an extravagantly wasteful and useless

duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues." *See Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. 2004) (quotations and citation omitted).

Titanide currently has nine pending suits in the Eastern District of Texas, all concerning the same group of patents. *See* n.1 above. Though many defendants in these cases have filed motions to transfer, not all have – and not all such motions seek transfer to the District of Arizona. *See Titanide Ventures, LLC v. Box, Inc.*, 4:12-cv-00195-RC-ALM; *Titanide Ventures, LLC v. Yahoo!, Inc.*, 4:12-cv-00163-RAS; and *Titanide Ventures, LLC v. Egnyte, Inc.*, 4:12-cv-00252-RAS (all seeking transfer to the Northern District of California). Distributing cases across on the country, to be litigated in several different district courts, would be a waste of judicial resources because all of these cases were first filed here in the Eastern District of Texas. Therefore this factor weighs against transfer.

### 5. The administrative difficulties flowing from court congestion weigh against transfer.

The interests of justice may decide a motion to transfer "even if the convenience of the parties and witnesses might call for a different result." *Jackson v. Intel Corp.*, 2009 WL 749305, at \*4 (E.D. Tex. Mar. 19, 2009). Relative court congestion is one factor that affects the interests of justice analysis. Thus, the speed with which a case can come to trial is a factor in the transfer analysis. *Acceleron, LLC v. Egenera, Inc.*, 2009 WL 1606961, at \*6 (E.D. Tex. June 9, 2009) (Davis, J.) (citing *Genentech*, 566 F. 3d at 1347).

The factors relating to convenience transfer revolve around the efficiency needed in getting to *trial*. Go Daddy misunderstands the issue. As Go Daddy cited in its motion, it takes on average 30.2 months to get to trial in Arizona, while only taking 23.7 months in Texas. Mot.

at 12. Go Daddy's reliance on the time to disposition of cases and the number of filings per judge is irrelevant.  It takes over half a year longer to get to trial in Arizona than Texas. Because it takes longer to get to trial in Arizona than in Texas, this factor weighs against transfer.

### 6.   The Local Interest Factor Is Neutral.

Go Daddy infringes Titanide's patents in East Texas, creating a strong nexus with this District. *800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 570 (E.D. Tex. 2008) ("The state of the patentee's injury is the location or locations at which the infringing activity directly impacts the patentee, including the place where infringing sales are made.").  Go Daddy sells infringing products in this District, injuring Titanide here.  The fact that Go Daddy harms Titanide in other districts as well does not lessen this case's connection to Texas.  *See TS Tech*, 551 F.3d at 1321 (citizens of the Eastern District of Texas have "no more *or less* of a meaningful connection" than citizens in other fora) (emphasis added).  Other Courts have also noted that when deciding a motion to transfer venue, "both forums have an equivalent interest in protecting their residents from patent infringement…." *Brandywine Comms. Tech. LLC. v. Cisco Sys.*, No 11-01843, at 13. (M.D. Fla. Mar 26, 2012).  Because both Courts have an interest in protecting their citizens from patent infringement, this factor is neutral.

### 7.   The familiarity of the forum with the law does not support transfer.

Because "patent cases are governed by federal law", Go Daddy acknowledges that this factor is neutral. Mot. at 12. Thus, this factor does not support transfer.

## IV. CONCLUSION

Go Daddy has a significant burden to show that Arizona is clearly more convenient than East Texas.  Only one of the Section 14014(a) convenience factors slightly weighs in favor of transfer.  All of the remaining factors either weigh against transfer or are neutral.  Go Daddy has

not met its burden with such a showing.  Accordingly, Go Daddy's motion should be denied.


Dated:  September 10, 2012          Respectfully submitted,

                                    /s/ *Daniel W. Bedell*
                                    Daniel W. Bedell

                                    THE LANIER LAW FIRM, P.C.
                                    Christopher D. Banys      SBN: 230038 (California)
                                    Daniel W. Bedell          SBN: 254912 (California)
                                    2200 Geng Road, Suite 200
                                    Palo Alto, CA 94303
                                    (650) 322-9100 (650) 322-9103 (fax)
                                    cdb@lanierlawfirm.com
                                    dwb@lanierlawfirm.com


                                    WARD & SMITH LAW FIRM
                                    Wesley Hill               SBN: 24032294
                                    P.O. Box 1231
                                    1127 Judson Road, Suite 220
                                    Longview, TX 75606-1231
                                    (903) 757-6400
                                    (903) 757-2323 (Fax)
                                    wh@wsfirm.com

                                    **ATTORNEYS FOR PLAINTIFF**
                                    **TITANIDE VENTURES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 10, 2012.


/s/ *Georgia Perivoliotis__*
Georgia Perivoliotis